# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAUSTINO SANCHEZ CARRERA<br>5600 54th Avenue, Apartment 515<br>Riverdale, Maryland 20737<br><br>  and<br><br>JESUS DAVID MURO<br>1233 Musket Court<br>Belcamp, Maryland 21017<br><br>  and<br><br>GERVACIO MAGDALENO<br>4802 Tuckerman Street<br>Riverdale, Maryland 20737<br><br>Individually and on behalf of all similarly-situated individuals,<br><br>         *Plaintiffs*,<br>    v.<br><br>E.M.D. SALES, INC.<br>2010 Washington Boulevard<br>Baltimore, Maryland 21230<br><br>Serve: ELDA M. DEVARIE<br>         Resident Agent<br>         2932 West Almondbury Drive<br>         Pasadena, Maryland 21122<br><br>  and<br><br>ELDA M. DEVARIE<br>2932 West Almondbury Drive<br>Pasadena, Maryland 21122<br><br>  and<br><br>E & R SALES AND MARKETING SERVICES, INC.<br>2932 West Almondbury Drive<br>Pasadena, Maryland 21122 | Civil Action No.: 17-1530 |

Serve: ELDA M. DEVARIE
       Resident Agent
       2932 West Almondbury Drive
       Pasadena, Maryland 21122

    *Defendants*.

## COMPLAINT

Plaintiffs, Faustino Sanchez Carrera ("Plaintiff Carrera"), Jesus David Muro ("Plaintiff Muro"), and Gervacio Magdaleno ("Plaintiff Magdaleno"), (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendants E.M.D. Sales, Inc. ("EMD") and Elda M. Devarie ("Devarie") and E & R Sales and Marketing Services ("E&R") (collectively "Defendants") and allege as follows:

## INTRODUCTION

1. This action arises from Defendants' violations of Plaintiffs' rights and the rights of others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. All of the Plaintiffs are current employees of Defendant EMD. Plaintiffs bring this action individually and as a collective action under 29 U.S.C. §§ 207 and 216, on behalf of Defendants' similarly situated present and former employees to recover unpaid, illegally withheld overtime wages, interest and attorneys' fees and litigation costs for Defendants' willful failure to pay them adequate wages, including overtime wages for all hours worked.

## JURISDICTION

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction), 29 U.S.C. § 216 (b).

**THE DEFENDANTS**

3.     EMD is incorporated under the laws of Maryland and does business in Maryland, Virginia, Pennsylvania, Nevada and the District of Columbia. In Maryland, EMD does business in Montgomery, and Prince George's counties as well as Baltimore County, Baltimore City and other cities and counties in Maryland. EMD operates the following facilities: (1) a business center and warehouse and distribution facility in Baltimore Maryland; and (2) a wine and spirit warehouse, distribution facility and business center in Woodbridge, Virginia. EMD purchases food products, beverages and wine, from food manufacturers and processors, both domestic and foreign, and sells and distributes these products to supermarkets and other retail chains and outlets, including but not limited to Giant, Safeway, Walmart, Wegmen's, CVS, Shopper's Food Warehouse and smaller independent stores. EMD meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (s)(1), as (1) it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) it has a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). EMD is also an employer of the Plaintiffs and others similarly situated.

4.     E&R is incorporated under the laws of Maryland and does business in Maryland, Virginia, Pennsylvania and the District of Columbia. E&R also meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (s)(1), as (1) it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) it has a gross volume of sales made or business done of not less than $500,000.00 (exclusive or

excise taxes at the retail level that are separately stated). E&R is also a joint employer of the Plaintiffs and others similarly situated.

5. E&R and EMD also constitute a single enterprise within the meaning of the FLSA because: (1) their activities are the same or similar; (2) they share a common business purpose; (3) they are under common ownership and control.

6. Devarie is an Officer, Director, and owner of EMD and E&R. She is an employer of Plaintiffs within the meaning of 29 U.S.C. § 203 (d) because: (1) she is an owner of EMD and E&R; (2) she has operational control over EMD and E&R; (3) she controls the terms and conditions of Plaintiffs' employment and that of others similarly situated, including compensation and pay practices; and (4) she has the ability to hire and fire employees of EMD and E&R and to significantly affect the terms and conditions of their employment.

## THE PLAINTIFFS

7. Plaintiff Carrera is an adult resident of Prince George's County, Maryland and, during the three-year period prior to filing the complaint, was employed by Defendants as a "Sales Representative" and on occasion, as a "Merchandiser". As a Sales Representative, Plaintiff Carrera serviced Defendants' customers in Prince George's County, Howard County and in the District of Columbia, by ordering replacement products for customers, stocking and re-stocking customer shelves, setting up and resetting displays at customer sites, replacing expired and defective or damaged products, cleaning and arranging products on the shelves, and writing credits for customers. As a Merchandiser, Plaintiff Carrera traveled to various stores and stocked shelves. During the three-year period prior to filing this complaint, Plaintiff Carrera worked in excess of 40 hours per week and Defendants compensated him solely on a commission basis, without compensation for overtime hours as required by the FLSA.

8. Plaintiff Muro is an adult resident of Harford County, Maryland and, during the three-year period prior to filing the complaint, was employed by Defendants as a "Sales Representative." During that time, he serviced Defendants' customers primarily in Baltimore City and Baltimore County, Maryland, by ordering replacement products for customers, stocking and re-stocking customer shelves, setting up and resetting displays at customer sites, replacing expired and defective or damaged products, cleaning and arranging products on the shelves, and writing credits for customers. During the three-year period prior to filing this complaint, Plaintiff Muro worked in excess of 40 hours per week and Defendants compensated him solely on a commission basis, without compensation for overtime hours as required by the FLSA.

9. Plaintiff Magdaleno is an adult resident of Prince George's County, Maryland and, during the three-year period prior to filing the complaint, was employed by Defendants as a "Sales Representative." During that time, he serviced Defendants' customers primarily in Montgomery County, Maryland, by ordering replacement products for customers, stocking and re-stocking customer shelves, setting up and resetting displays at customer sites, replacing expired and defective or damaged products, cleaning and arranging products on the shelves, and writing credits for customers. During the three-year period prior to filing this complaint, Plaintiff Magdaleno worked in excess of 40 hours per week and Defendants compensated him solely on a commission basis, without compensation for overtime hours as required by the FLSA.

**STATEMENT OF FACTS**

10.     EMD, as a wholesale distributor of international foods, beverages and wines, establishes and maintains distribution relationships with chain grocery stores and to a lesser extent with smaller independent grocery stores. Distribution agreements are negotiated by and between EMD management and corporate personnel for the various chain grocery stores with whom EMD does business. These agreements govern the types of products that will be sold, the unit pricing for each product, the amount of shelf space allocated to EMD's products in the grocery store and exactly where on the store's shelf the products will be located.

11.     EMD employs Plaintiffs and others similarly situated directly to maintain the shelf space allocated to its products at its customers' stores. Plaintiffs are assigned routes by EMD consisting of anywhere from 15 to 25 grocery stores located across one or more counties. Plaintiffs typically service 5 to 8 stores per day and usually visit each store on their route at least twice a week.

12.     Plaintiffs and others similarly situated typically start their work day between 5:00 a.m. and 7:00 a.m., and finish at any time between 4:00 p.m. and 6:00 p.m., depending on the workload. Occasionally Plaintiffs work much later, not leaving their last job until 8:00 or 9:00 p.m.

13.     Plaintiffs initially visit each of the stores on their route early in the week to order replacement products to replenish EMD shelf space. Plaintiffs enter the store and visually inspect the shelves to determine the number of units that have been sold since their last visit. Plaintiffs use handheld computers to order a corresponding number of replacement products sufficient only to restock the shelves.

14.     Plaintiffs then conduct a follow-up visit later in the week, after EMD's products have arrived at the store, to unpack the products and place them on the shelves. Plaintiffs also

remove damaged and expired products, dust the merchandise and make sure the placement of the products on the shelves complies with a predetermined layout.

15. Plaintiffs and others similarly situated typically work between 5 and 6 days per week and between 50 to 70 hours per week.

16. Defendants compensate Plaintiffs, and other similarly situated, exclusively on a commission basis based on the volume of goods Plaintiffs order and stock. Defendants fail to provide Plaintiffs with any compensation for hours worked over 40 in a work week. Defendants' practices violate the overtime provisions of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

17. This action is also maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid overtime compensation and minimum wages, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA. The collective action class includes the following:

(a) all persons who were employed by Defendants, who, within the last three-year period, performed work as "Sales Representatives"; and

(b) all persons who were employed by Defendants, who, within the last three-year period, performed work as "Merchandisers".

18. In addition to Plaintiffs, numerous present and former employees are similarly situated with regard to Plaintiffs' claims for unpaid wages and damages, in that they have been denied proper overtime compensation at some point during the three-year period prior to the filing of this complaint.

19. As alleged above, the class of individuals on behalf of whom Plaintiffs bring this collective action are similarly situated because: (1) they were or are employed in the same or similar

positions as Plaintiffs; (2) they had the same or similar duties as Plaintiffs; (3) they were subject to the same or similar unlawful payment practices and/or policies as Plaintiffs; and (4) they have claims based upon the same legal theories. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. They may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216 (b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

20. Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

21. Defendants' failure to pay Plaintiffs and the similarly situated persons their lawful overtime wages was and is willful. Defendants knew or should have known that their conduct was unlawful under the FLSA and/or showed reckless disregard for the matter of whether their above-described conduct was prohibited by the FLSA.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§ 201 – 216 (b)

22. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

23. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and all persons similarly situated for all overtime hours worked by Plaintiffs and other similarly situated persons.

24. Defendants' actions were willful as defined by the FLSA and were not performed in good faith.

25. Defendants are liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid, and illegally withheld, overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a) Certify this case as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b) Enter a judgment against Defendants, jointly and severally, and in favor of each Plaintiff and all similarly situated employees, based on Defendants' violations of the FLSA, in the amount of each Plaintiff's and similarly situated employee's respective unpaid and illegally withheld minimum and overtime wages, plus liquidated damages pursuant to 29 U.S.C. § 216(b);

c) Award Plaintiffs and the Plaintiff Classes pre- and post-judgment interest on all amounts owed as allowed by law;

d) Award Plaintiffs and others similarly situated their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b);

e) Permanently enjoin Defendants from committing further violations of the FLSA; and

f) Grant such other and further relief as may be appropriate.

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy
D.C. Bar No.: DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiffs*