IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARRERA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 17-cv-03066-JKB |
| E.M.D. SALES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*

## REPORT AND RECOMMENDATIONS

On February 27, 2018, in accordance with 28 U.S.C. § 636, and Local Rules 301 and 302, Judge Bredar referred this case to me for all discovery.  Defendants' Request for Conference ("Defendants' Letter") (ECF No. 137) embraces two discovery issues that directly impact the admissibility of certain evidence at trial: a decision that should ultimately rest with the trial judge. Therefore, after reviewing Defendants' Letter and Plaintiffs' response (ECF No. 140), and because the final word on the relief Defendants seek is better left to the trial judge, a report and recommendations concerning the instant disputes is proper.  For the reasons set forth below, I respectfully recommend that the requests in Defendants' Letter be granted in part and denied in part.

## I.      BACKGROUND

Plaintiffs provided Defendants with Supplemental Answers and Objections to Defendants' First Set of Interrogatories on September 8, 2020 ("September Supplemental Answers").  The September Supplemental Answers identify several witnesses and their substance of knowledge. One month prior, on August 10, 2020, Plaintiffs produced Plaintiffs' Seventh Supplemental

Response to Defendants' First Request for Production of Documents ("August Supplemental Answers"). The August Supplemental Answers contained several pages of handwritten time records of Plaintiffs' working hours. Together, these supplemental productions give rise to two issues, which the Court shall address in turn.

Issue 1: Identification of New Witnesses

Defendants suggest Plaintiffs' September Supplemental Answers identified, for the first time, nine new witnesses. (ECF No. 137 at 1). Defendants rightly concede that six of these witnesses were identified for the first time in Plaintiff's Cross-Motion for Summary Judgment, which was filed on May 20, 2019. (ECF No. 137 at 1). Nonetheless, in Defendants' view, this disclosure by supplemental answers six weeks before trial "effectively denied Defendants the right to depose these individuals and substantially affects Defendants' ability to adequately prepare for trial." (ECF No. 137 at 2). Defendants request the Court strike Plaintiffs' supplemental answers with respect to these witnesses and preclude these witnesses from testifying at trial. (ECF No. 137 at 2).

Plaintiffs respond that all of the witnesses, except two that recently became relevant, were disclosed by Plaintiffs or Defendants themselves before the close of discovery. (ECF No. 140 at 1). Indeed, many of the witnesses Defendants now complain about were identified in Plaintiffs' Motion for Partial Summary Judgment; seven of the witnesses' affidavits were attached thereto in support of the Motion. *See* ECF No. 104. Plaintiffs further indicate that, even if certain witnesses were not formally disclosed, "the lack of formal disclosure is harmless because Defendants were fully aware of these witnesses and the materiality of their testimony." (ECF No. 140 at 1). Ultimately, Plaintiffs aver that if Defendants sought to depose the witnesses they now claim

hampered their ability to prepare for trial, Defendants should have raised the issue when Plaintiffs first named these witnesses more than a year ago.

Issue 2: Handwritten Time Records

Defendants argue that Plaintiffs "attempted to improperly 'supplement' their discovery responses by producing various diary entries from Plaintiff Magdaleno, documenting the hours he allegedly worked in January/February 2019." (ECF No. 137 at 2). As such, because Defendants perceive Plaintiffs' disclosure as an improper supplementation under Rule 26(e), Defendants seek to preclude Plaintiffs from introducing Plaintiff Magdaleno's diary records at trial, and strike Plaintiffs' August Supplemental Answers in its entirety. *Id.*

The August Supplemental Answers are broader than Defendants address. Plaintiffs' opposition discusses the supplemental response vis-à-vis Plaintiffs Carrera and Gervacio.[1] (ECF No. 140 at 5). With respect to Plaintiff Carrera's supplemental records, Plaintiffs contend that the recently supplemented records only recently came into existence because they cover the time period of February 3, 2020 to June 28, 2020. *Id.* Plaintiffs do not make an argument as to Plaintiff Magdaleno's records, other than to say that the Court should reserve ruling on the admissibility of the same because Plaintiffs may not seek to enter those records at trial. *Id.*

II.   DISCUSSION

Issue 1: Identification of New Witnesses

As a starting point, a party is required to supplement or correct its discovery disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). When a party fails to make

---

[1] Plaintiffs' reference to Gervacio appears in error; the August Supplemental Answers indicate that the records are Plaintiff Magdaleno's. For simplicity, and because it makes no substantive difference, the Court shall consider the records to be Plaintiff Magdaleno's.

certain disclosures or supplement earlier responses, Rule 37(c) prohibits the withholding party from using the information or witness to supply the evidence at trial, "unless the failure was substantially justified or harmless." In *Wilkins v. Montgomery*, the Fourth Circuit set out a five-factor test to determine whether a party's nondisclosure of evidence is either substantially justified or harmless. 751 F.3d 214, 222 (2014). A district court exercising its broad discretion in this context "*should be guided* by the following:"

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Id.* (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003) (emphasis in *Wilkins*)). The non-disclosing party, here Plaintiffs, bear the burden of establishing these factors. *Id.*

Defendants seek to exclude nine total witnesses. Of these, two witnesses are genuinely new, having been named by Plaintiffs for the first time on September 8, 2020. The remaining seven have been identified by Plaintiffs in the course of this litigation. As such, the Court will analyze these classes of witnesses separately.

Plaintiffs' failure to identify two witnesses (Clifford (Store Manager at Giant #334) and Tim (Grocery Manager at Giant #334)) more than a year after the close of discovery is not harmless. Plaintiffs suggest that because these witnesses only became relevant in July 2020 that their late identification should be excused. The Court disagrees. First, identifying these witnesses less than two months before the scheduled trial date raises concerns of surprise. Plaintiffs may not continually identify new witnesses up until the trial date and expect that they may be called. To the second factor, such an approach would deprive Defendants the ability to adequately prepare for trial. Viewing the third and fourth factors together, these two new witnesses would not likely

disrupt the trial, but at the same time from the Court's view, they do not offer important evidence. These witnesses are two more grocery store managers that the Court anticipates would testify in the same or substantially similar manner as other grocery store managers previously identified by Plaintiffs. The addition of two more witnesses, in that regard, edges near the presentation of cumulative evidence. Finally, despite Plaintiffs' valid explanation—that Plaintiffs recently began working at new grocery stores, thereby giving rise to new store manager witnesses—the fifth factor does not compel a finding that these two newly identified witnesses should be permitted to testify at trial. As such, Clifford and Tim shall not be called at trial.

The Court views the remaining seven witnesses differently. Ramsawaksingh, Krawchuk, Weschler, Volk, Major, Reckord, and Tully shall be permitted to matters contained in their respective affidavits. The Court finds Plaintiffs' failure to identify these witnesses, to the extent that even occurred, harmless. First, with regard to these witnesses, Plaintiffs are correct that there is hardly an element of surprise. Plaintiffs identified these witnesses no later than May 21, 2019, when Plaintiffs filed their Motion for Partial Summary Judgment (ECF No. 104). In support thereof, Plaintiffs attached affidavits of each of these seven witnesses. (ECF Nos. 104-2, 104-3, 104-4, 104-5, 104-6, 104-13, 108-18). Indeed, as demonstrated by Plaintiffs' response to the instant dispute, some of these witnesses were mentioned even before the close of discovery and are Defendants' clients. Second, given that there is no surprise with witnesses named over a year ago, there is nothing for Defendants to cure. *See Lovo v. Am. Sugar Refining, Inc.*, 2018 WL 3956688 at *5 (D. Md. 2018) ("[B]ecause there was no surprise, there was no need for [Defendants] to cure the surprise."). Third, the Court does not believe allowing these witnesses to testify will disrupt the trial. Each of the stated witnesses, grocery store executive officers, directors, managers, and buyers maintain a central role in Plaintiffs' case. To that end, fourth,

these witnesses possess important information, as established in their respective affidavits. Finally, Plaintiffs' argument regarding the identification of these witnesses is compelling: both Plaintiffs and Defendants identified these witnesses during discovery, and the Defendants clearly received (and were aware of) the witnesses declarations or affidavits before or soon after the close of discovery in early 2019. As such, these seven witnesses will be shall be able to testify at trial to matters stated in their affidavits.

Issue 2: Handwritten Time Records

The Court will not indulge Plaintiffs' invitation to reserve ruling on the handwritten time records. Instead, the Court will permit the supplementation of Plaintiff Carrera's handwritten records because (1) Defendants do not provide a principled reason that the same should be excluded, (2) similar records of an earlier time period were already produced to Defendants, and (3) the most recent production embraces new information that just came into existence. This is a permissible supplementation under Rule 26.

However, Plaintiffs do not challenge Defendants' assertion that August 10, 2020 was Plaintiffs first production of Plaintiff Magdaleno's handwritten records. Ostensibly, Plaintiffs defend the production as proper by asserting that Plaintiffs may not use the evidence at trial, and therefore the Court need not address this issue. However, the Court cannot accept this rationale. Plaintiffs cannot supplement that which was never originally produced. Therefore, Plaintiff Magdaleno's handwritten records shall be stricken as an improper supplementation under Rule 26 and are likewise not admissible at trial.

III.    CONCLUSION

For the reasons set forth above, I recommend that:

1.      The Court preclude Plaintiffs two witnesses, Clifford and Tim, from testifying for Plaintiffs' failure to adequately identify these witnesses before trial, and permit the remaining seven witnesses—Ramsawaksingh, Krawchuk, Weschler, Volk, Major, Reckord, and Tully—to testify to matters previously stated in their respective affidavits.

2.      The Court permit Plaintiffs' supplementation of Carrera's handwritten records as proper, but strike Plaintiffs' supplementation of Magdaleno's handwritten records as improper for their failure to originally disclose such information.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Date: September 23, 2020                              /s/

                                                                 J. Mark Coulson
                                                                 United States Magistrate Judge