IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAUSTINO SANCHEZ CARRERA,
et al.,     *

    **Plaintiffs**

v.     *     **CIVIL NO. JKB-17-3066**

EMD SALES, INC., et al.,     *

    **Defendants**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court held a pretrial conference in this case on February 19, 2021. Several motions in limine are pending, and the Court now addresses them in this Memorandum and Order.

1. Plaintiffs argue in their First Motion in Limine (ECF No. 160) that Plaintiffs' Exhibits 1a, 1b, and 1c are admissible summary exhibits under Fed. R. Evid. 1006. The proponent of a summary exhibit must demonstrate that (1) the data being summarized is "voluminous," (2) the summarization is "an *accurate* compilation of the voluminous records sought to be summarized," and (3) the underlying evidence being summarized is "otherwise admissible in evidence." *See United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004) (emphasis in original); *see* Fed. R. Evid. 1006. Plaintiffs contend that Plaintiffs' Exhibits 1a, 1b, and 1c constitute accurate summaries of the order volume and other sales data at chain and non-chain stores. (*See* First Mot. Limine at 1, ECF No. 160.) Defendants argue that Plaintiffs' Exhibits 1a, 1b, and 1c mischaracterized the type of three stores to which Plaintiffs sold Defendant EMD Sales, Inc. ("EMD Sales")'s products and that Plaintiffs "unilaterally created a new category" of store in

summarizing Defendants' data. (Opp'n to First Mot. Limine at 4, ECF No. 183; *see* Opp'n to First Mot. Limine Ex. A-1 at 2, ECF No. 183-2.) Plaintiffs do not explain the discrepancy between the categorization method used to prepare Plaintiffs' Exhibits 1a, 1b, and 1c and Defendants' categorization of stores. (*See* Carl Morison Aff. ¶¶ 9–13, ECF No. 160-4.) The Court finds that Plaintiffs have not met their burden of establishing that Exhibits 1a, 1b, and 1c are "an accurate compilation of the voluminous records sought to be summarized," *Janati*, 374 F.3d at 272, and accordingly, Plaintiffs' First Motion in Limine regarding admissibility of Plaintiffs' summary exhibits pursuant to Federal Rule of Evidence 1006 (ECF No. 160) is DENIED.

2. Plaintiffs' Second Motion in Limine (ECF No. 171) concerns Plaintiffs' Exhibits 4, 5, and 6, containing summaries of Plaintiffs' pay records to be presented pursuant to Fed. R. Evid. 1006. Defendants argue that Plaintiffs' Exhibits 4, 5, and 6 are inaccurate because the total yearly earnings in those exhibits do not match Plaintiffs' income as reported by Plaintiffs' W-2 forms. (*See* Opp'n to Second Mot. Limine at 2, ECF No. 178.) Plaintiffs' Exhibits 4, 5, and 6 were created with information from "Pay Statements, ADP Earnings Statements and Commission Reports" obtained in discovery from Defendants. (*See* Second Mot. Limine at 2, ECF No. 171.) Although Plaintiffs mention "W2 Forms" in their Motion (*see id.* at 4), Plaintiffs' Exhibits 4, 5, and 6 do not purport to be summaries of Plaintiffs' W-2 forms, so Defendants' observation about these discrepancies is of no import to the accuracy of Plaintiffs' exhibits. The Court finds that Plaintiffs have met their burden under Fed. R. Evid. 1006, and provided Plaintiffs can lay the appropriate foundation at trial, these

summaries are admissible. Accordingly, the motion (ECF No. 171) is conditionally GRANTED.

3. Plaintiffs' Third Motion in Limine (ECF No. 172) seeks a ruling on the admissibility of Plaintiffs' Exhibits 10, 11, and 12 under Fed. R. Evid. 1006. These exhibits, which are based on the same underlying data obtained in discovery from Defendants as Plaintiffs' Exhibits 1a, 1b, and 1c, purport to identify each of the stores where Plaintiffs placed orders during June and December of each year from August 1, 2014 until mid-January 2019. (*See* Third Mot. Limine at 1, ECF No. 172.) Defendants argue that they have identified "major discrepancies" between Plaintiffs' exhibits, previous summary exhibits that Plaintiffs submitted at the summary judgment stage, and Defendants' underlying data. (*See* Opp'n to Third Mot. Limine at 1, ECF No. 182.) The Court has considered Defendants' position but cannot identify any such "major discrepancies." Further, Defendants seem to suggest—without explicitly arguing—that Federal Rule of Civil Procedure 37(c) precludes introduction of Plaintiffs' Exhibits 10, 11, and 12 because the exhibits and the name of the paralegal for Plaintiffs' counsel who prepared them were only disclosed to Defendants last month. Federal Rule of Civil Procedure 37(c) provides that a party who has not met the disclosure requirements of Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Here, Plaintiffs did not violate any requirement of Federal Rule of Civil Procedure 26(a) or (e), where the summary exhibits at issue purport to summarize Defendants' own data. Plaintiffs' Third Motion (ECF No. 172) is accordingly GRANTED on the condition that an appropriate

3

foundation is laid at trial; Plaintiffs' summary exhibits will not be excluded on Rule 37(c) grounds.

4. Plaintiffs' Fourth Motion in Limine (ECF No. 173) seeks to exclude Defendants' Exhibits 15 through 25 regarding the commission earnings and sales data of Sales Representatives other than Plaintiffs ("non-Plaintiff SRs") and related witness testimony. In support of their motion for summary judgment, Defendants previously attached exhibits containing sales and commission information for non-Plaintiff SRs, including a spreadsheet with the total dollar amount of SRs' product sales from 2015 to 2018; a report on SRs' gross wages from 2015 to 2018; and a sales report for non-Plaintiff SR Miguel Perez from 2014 to 2017. (*See* Defs. Mot. Summ. J. Exs. G9–11, ECF Nos. 97-18, 97-19, 97-20.) The Court granted Plaintiffs' motion to strike Defendants' Exhibits G9–11 at the summary judgment stage, finding that Defendants did not demonstrate that their failure to provide discovery regarding sales and commissions by non-Plaintiff SRs was harmless or justified under Fed. R. Civ. P. 37(c). (ECF No. 114 at 6–9.) Defendants again fail to carry their burden of showing that their failure to disclose this information during discovery was justified or harmless. *See Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014). Accordingly, Plaintiffs' Fourth Motion in Limine (ECF No. 173) is GRANTED. Note, however, that non-Plaintiff SRs Juan Pablo Barreno, Maria De Lourdes Zamudio-Otero, and Mayra Marisole Palma WILL be permitted to testify as to such information to the extent that they did so when deposed; those depositions provided Plaintiffs with notice and warning to be prepared to meet that evidence at trial.

5. Plaintiffs' Fifth Motion in Limine (ECF No. 174) seeks to exclude two witnesses and Defendants' Exhibit 14 for Defendants' failure to disclose the information contained therein before the end of the discovery period. Defendants' witness Miguel Perez, a non-Plaintiff SR, was first identified in attachments to Defendants' motion for summary judgment through an exhibit containing Perez's sales report and another employee's affidavit. (*See* Defs. Cross-Mot. Summ. J. Exs. G, G-11, ECF Nos. 97-9, 97-20.) The Court struck both references to Perez under Fed. R. Civ. P. 37(c). (*See* ECF No. 114 at 6–9, 10, 12.) Defendants' witness Desiree Sorenson and Defendants' Exhibit 14 were introduced in attachments to Defendants' reply to their summary judgment motion. (*See* ECF No. 111-1 at 1–2, 4–27.) Sorenson provided a training program for Defendants' sales representatives regarding product sales at Walmart, and Defendants' Exhibit 14 contains PowerPoint slides from Sorenson's presentation and photographs of displays at Walmart. Defendants again fail to carry their burden to demonstrate that their failure to disclose witnesses Perez and Sorenson and Defendants' Exhibit 14 before the close of discovery was harmless or justified. Plaintiffs' Fifth Motion in Limine (ECF No. 174) is GRANTED, and accordingly, the testimony of witnesses Perez and Sorenson and Defendants' Exhibit 14 will be excluded.

6. Plaintiffs' Sixth Motion in Limine (ECF No. 175) seeks to exclude lay testimony of EMD Sales Marketing Manager Freddy Urdaneta or "some other management witness along the following lines: (1) if all Sales Representatives ('SRs') were only performing merchandising services, there would not be such a wide variation in annual commissions they earn; (2) testimony which relies directly or indirectly on

commission and sales reports of SRs or Merchandizers [sic] other than Plaintiffs which cannot be admitted into evidence." (Sixth Mot. Limine at 1, ECF No. 175.) Federal Rule of Evidence 701 provides that a lay witness may testify only "in the form of an opinion . . . that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Defendants' witness Urdaneta and other management witnesses remain free to proffer lay opinion testimony based on their personal knowledge within the bounds of Fed. R. Evid. 701. The Court reiterates its previous ruling, however, that Defendants' witnesses may not testify based on the sales and commission data from non-Plaintiff SRs, which has been excluded under Fed. R. Civ. P. 37(c) (*see* ECF No. 114 at 12), and Counsel are instructed not to solicit such testimony. Plaintiffs' Sixth Motion in Limine (ECF No. 175) is accordingly GRANTED IN PART and DENIED IN PART without prejudice to reconsideration upon any objections during the presentation of testimony.

IT IS SO ORDERED.

DATED this 22 day of February, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge