IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAUSTINO SANCHEZ CARRERA,
et al.,                                  *

    Plaintiffs

v.                                        *          CIVIL NO. JKB-17-3066

EMD SALES, INC., et al.,           *

    Defendants                    *

*    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has considered Non-Party Giant Food LLC ("Giant")'s Motion to Modify Trial Subpoenas to Cynthia Volk and Stephen Ramsawaksingh (ECF No. 194) and Plaintiffs' Memorandum in Opposition to Motion to Quash (ECF No. 195). A motion to challenge a subpoena "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995) (finding that an employer did not have standing to challenge a subpoena duces tecum issued to and served upon one of its employees); *see also* Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed. 2020) (explaining that "a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena"). Giant fails to show that it has a personal right or privilege with respect to Ms. Volk or Mr. Ramsawaksingh's testimony in this case. Accordingly, the Court DENIES Giant's Motion to Modify Trial Subpoenas (ECF No. 194).

Further, upon review of the arguments proffered by Giant, had they instead been made by the individual employees quashal nonetheless would have been denied. The Court is persuaded that their testimony is likely not duplicative, and that each employee likely has separate and distinctly relevant testimony to provide.

DATED this __25__ day of February, 2021.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge
