## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**FAUSTINO SANCHEZ CARRERA,**
***et al.,***                                                    \*

    **Plaintiffs,**

    **v.**                                                  \*               **CIVIL NO. JKB-17-3066**

**EMD SALES, INC.,** ***et al.,***                              \*

    **Defendants.**                                         \*

    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

Plaintiffs Faustino Sanchez Carrera, Magdaleno Gervacio, and Jesus David Muro, current and former sales representatives at E.M.D. Sales, Inc. ("EMD"), brought this suit against Defendants EMD and EMD Chief Executive Officer Elda M. Devarie for failing to pay them overtime wages, as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA" or the "Act"). Defendants argued that Plaintiffs constituted outside salespeople under the FLSA and were accordingly exempt from the Act's wage and overtime requirements. Upon consideration of all the evidence presented at a two-week bench trial in March 2021, the Court found that Plaintiffs did not qualify as exempt outside salespeople and that Defendants' failure to pay them overtime wages violated the FLSA. (*See* ECF No. 219.) The Court found Defendants jointly and severally liable for Plaintiffs' unpaid withheld minimum and overtime wages as well as liquidated damages under 29 U.S.C. § 216(b) and denied Defendants' subsequent motion to alter or amend the portion of the Court's judgment awarding liquidated damages. (*See* ECF Nos. 239, 260, 261.)

1

Plaintiffs' Motion for an Award of Attorney's Fees and Costs (ECF No. 263) is now fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiffs' Motion for Attorney's Fees (ECF No. 263) will be granted in part and denied in part.

## I.    *Background*

This sprawling, protracted wage-and-hour dispute began on July 28, 2017, when Plaintiffs filed their original one-count Complaint as a collective action against Ms. Devarie and her two companies, EMD and E&R Sales and Marketing Services, Inc. ("E&R Sales"), in the District Court for the District of Columbia. (*See* Compl., ECF No. 1.) Although Plaintiffs initially opposed Defendants' motion to transfer the case to this Court, Plaintiffs later withdrew that opposition, and the case was transferred to the District of Maryland on October 18, 2017. (*See* ECF Nos. 7–9.) Plaintiffs later filed the First Amended Complaint, in which they eliminated their collective claims under the FLSA. (*See* ECF Nos. 19, 22, 23.) During the discovery phase of the case, the parties' frequent discovery disputes required the Court's repeated intervention. (*See* ECF Nos. 29, 38, 41, 53, 56, 62, 68, 69, 73, 82, 88, 91, 114, 133, 145, 147, 157.)

Following the close of discovery, the parties cross-moved for summary judgment regarding (1) whether Plaintiffs constituted outside salespeople for purposes of the statutory exemption to FLSA's overtime wage requirement; (2) whether Defendants acted in good faith such that Plaintiffs were not entitled to liquidated damages; and (3) whether Defendants' FLSA violations were willful. (*See* ECF Nos. 97, 97-1, 104, 105, 108, 111, 112.) Defendants also moved for summary judgment regarding whether E&R Sales employed the Plaintiffs, and Plaintiffs did not oppose that motion. Plaintiffs further moved to strike as inadmissible some of the exhibits attached to Defendants' motion for summary judgment. (*See* ECF Nos. 109, 109-1.)

On August 21, 2019, the Court issued a Memorandum and Order granting in part and denying in part each of the parties' motions. (ECF Nos. 114, 115.)  First, the Court granted Defendants' motion for summary judgment with respect to E&R Sales and dismissed E&R Sales from the case as a defendant.  Second, the Court granted in part Plaintiffs' motion to strike with respect to Defendants' Exhibits G9, G10, G11, and part of Exhibit G.  The Court denied the remainder of the parties' cross-motions.

The central question litigated at the nine-day trial in March 2021 was whether the Plaintiffs' primary duty consisted of making sales of EMD products such that they constituted outside salespeople for purposes of the FLSA's exemption for overtime wage requirements. (*See* ECF No. 239.)  Ultimately, the Court found that Defendants did not carry their burden under the FLSA of establishing that Plaintiffs were subject to the statutory exemption by clear and convincing evidence.  (*Id.*)  Further, the Court found that Plaintiffs were entitled to liquidated damages under the FLSA because Defendants did not establish that they acted in good faith, nor that they had objectively reasonable grounds for believing that Plaintiffs' compensation structure was FLSA-compliant.  (*Id.* at 14–16 (citing 29 U.S.C. §§ 216(b), 260).)  The Court declined, however, to extend the standard two-year statute of limitations under the FLSA to three years because it found that Defendants' statutory violation was not willful.  (*Id.* at 16–17 (citing 29 U.S.C. § 255(a)).)

On May 13, 2021, upon consideration of the parties' joint submission with respect to damages (*see* ECF No. 237), the Court entered judgment for Plaintiffs in the total amount of $303,876.57, including compensatory and liquidated damages, plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a) and attorney's fees and costs. (*See* ECF No. 239.) Defendants

moved to alter or amend the portion of the judgment awarding liquidated damages (ECF No. 242), and the Court denied that motion on July 12, 2021. (ECF Nos. 260–61.)

In the Joint Report of the Parties Regarding Plaintiffs' Award of Attorneys' Fees and Costs, which the Court ordered the parties to file prior to briefing of the Plaintiffs' motion, the parties explained that they "were unable to reach agreement on any issue related to Plaintiffs' award of attorneys' fees or costs." (Joint Report at 1, ECF No. 262.) In light of this lack of agreement, the parties have filed the pending briefing in support of their views regarding the appropriate amount of attorney's fees and costs. In their motion, Plaintiffs seek an award of $936,985.70 in attorney's fees and $97,418.70 for costs. (Mot. Atty. Fees at 1, ECF No. 263; Pls. First Not. Errata at 1, ECF No. 268.) Defendants oppose Plaintiffs' motion, arguing that Plaintiffs' counsel should be awarded no more than $443,352.00 in attorney's fees and $29,134.39 in costs. (Opp'n Mot. Atty. Fees at 4, ECF No. 275.)

Additionally, Plaintiffs' counsel have filed a Supplemental Memorandum in Support of Motion for Attorneys' Fees and Costs, in which they seek additional amounts in attorney's fees and costs in connection with drafting their Reply brief and meeting "with the Plaintiffs to update them on the status of the case." (Supp. Mem. at 1, ECF No. 291.) All told, Plaintiffs seek $957,861.00 in attorney's fees and $106,597.94 in costs.[1] (*Id.* at 3.)

## II.    *Analysis*

Under the FLSA, if an employer is found to be in violation of provisions pertaining to unpaid minimum wages or unpaid overtime compensation, then "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee

---

[1] Although Plaintiffs state in their Supplemental Memorandum that they seek a total of $106,282.70 in costs (*see* Supp. Mem. at 3), this appears to be a typo because they seek an additional $9,179.24 in their Supplemental Memorandum (*see* Supp. Mem. Ex. B), and $9,179.24 plus $97,418.70, the amount sought in the original motion (*see* Pls. First Not. Errata), yields $106,597.94.

to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, the award of reasonable attorney's fees and costs is mandatory in this case because the Court has found the Defendants liable for their violation of FLSA provisions regarding overtime wages. Upon consideration of both parties' arguments with respect to attorney's fees and costs, the Court will award $472,948.40 in attorney's fees and $61,013.87 in costs.[2]

### A. Attorney's Fees

The Supreme Court has explained that "[a] reasonable attorney's fee is one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (internal citation and quotation marks omitted). The amount of attorney's fees to be awarded is within this Court's "sound discretion." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

The Supreme Court has cautioned that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). As a result, although counsel for the prevailing plaintiff must submit the requisite proof of its entitlement to an award, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

To determine what constitutes a reasonable award, courts use a three-step process. First, the Court calculates the lodestar amount, defined as "the number of hours reasonably expended on

---

[2] This ruling enters before Defendants have had an opportunity to respond to the specific requests made by Plaintiffs in their Supplemental Memorandum to the motion. (*See* Supp. Mem.) As set forth below, the Court applies the same global reductions to Plaintiffs' requests as it does to the amounts initially requested in Plaintiffs' motion for attorney's fees. If Defendants object to the Court's analysis with respect to the fees and costs requested in the Supplemental Memorandum, Defendants' counsel are free to file a brief motion to reconsider confined to this narrow issue detailing the grounds for their objections. However, the Court notes that this constitutes a minor issue in this case, which has now been pending for more than four years.

the litigation times a reasonable hourly rate." *Blum*, 465 U.S. at 888. In calculating the lodestar,

the Court considers the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d

714, 717–19 (5th Cir. 1974). *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (citing *Robinson*

*v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). The *Johnson* factors are as

follows:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. As the Supreme Court explained in *Perdue v. Kenny A. ex rel. Winn*,

"the lodestar figure includes most, if not all, of the relevant factors constituting a reasonable

attorney's fee." 559 U.S. 542, 553 (2010) (internal quotation marks omitted). Thus, "there is a

'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome

in those rare circumstances in which the lodestar does not adequately take into account a factor

that may properly be considered in determining a reasonable fee." *Id.* at 554.

Second, the Court must "subtract fees for hours spent on unsuccessful claims unrelated to

successful ones." *Robinson*, 560 F.3d at 244. Third, "the court should award 'some percentage of

the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *McAfee*, 738

F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). As a preliminary matter, the Court notes that it

will not make further reductions to the attorney's fee award in this case under the second prong

because, as described below, counsel for Plaintiffs has already omitted hours spent in pursuit of

6

unsuccessful motions. *See supra* Part II.A.2. Additionally, the Court agrees with Plaintiffs that their fee petition is not subject to reduction based on their degree of success in this matter under the third prong because Plaintiffs "won substantial relief." *See Hensley*, 461 U.S. at 440. Accordingly, the Court focuses its inquiry on calculating the appropriate lodestar amount.

### 1. Reasonable Hourly Rates

*Perdue* states that a court's first task in determining the lodestar is to "look[] to 'the prevailing market rates in the relevant community.'" 559 U.S. at 551 (quoting *Blum*, 465 U.S. at 895). The party seeking attorney's fees bears the burden of establishing that its requested rates are reasonable. *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, Civ. No. DKC-06-3177, 2012 WL 4324881, at *6 (D. Md. Sept. 18, 2012). Although a court may rely on affidavits from attorneys in the relevant community opining on the reasonableness of a plaintiff's requested rates, *see, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509–10 (D. Md. 2000), it may also take judicial notice of its own knowledge of the local legal market. Further, "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

In the District of Maryland, "that 'market knowledge' is embedded in United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Appendix B rates")." *Chaten v. Marketsmart LLC*, Civ. No. PX-19-1165, 2020 WL 4726631, at *3 (D. Md. Aug. 14, 2020). Although the Appendix B rates are not binding, they are "presumptively reasonable." *Id.* at *6. The Appendix B rates are as follows:

(a) Lawyers admitted to the bar for less than five (5) years: $150–225;

7

(b) Lawyers admitted to the bar for five (5) to eight (8) years: $165–300;

. . .

(e) Lawyers admitted to the bar for twenty (20) years or more: $300–475;

(f) Paralegals and law clerks: $95–150.

Local Rules, App'x B at 3 (D. Md. 2021).

Plaintiffs argue for upward departures from the Appendix B rates for each of their fourteen timekeepers in this case both because the Appendix B rates, which were last updated in 2014, do "not reflect current market rates for employment attorneys in Baltimore or in Maryland generally," and because "the schedule does not adequately account for experience at or above 30 years, which has significant value in the market place." (Mot. Atty. Fees Mem. Supp. at 5, ECF No. 263-1.) As a result, Plaintiffs argue that the Court should refer to the United States Attorney's Office ("USAO") Matrix instead of Appendix B in determining a reasonable hourly rate for their attorneys, law clerks, and paralegals. (*See id.*; Pls. Second Not. Errata, ECF No. 272.) Plaintiffs request the following hourly rates:

| Timekeeper | Rate |
|---|---|
| Omar Melehy<br>*(34 years of experience)* | $600.00 |
| Suvita Melehy<br>*(26 years of experience)* | $525.00 |
| Andrew Balashov<br>*(5 years of experience)* | $300.00 |
| Law Clerks and Paralegals[3]<br>*(various levels of experience)* | $175.00 |

(Mot. Atty. Fees Mem. Supp. at 6.)

---

[3] Plaintiffs request a uniform rate for all of the eleven law clerks and paralegals who billed time during the long life of this case. (*See* Reply Mot. Atty. Fees Ex. D at 1–7, ECF No. 284-4; Mem. Supp. Ex. A, ECF No. 291-1.)

Plaintiffs' counsel argue that the rates they seek—while higher than those set forth in Appendix B—are below both prevailing market rates for employment attorneys in the Baltimore area and the rates that they charge fee-paying clients. (*Id.*; Reply Mot. Atty. Fees at 8, ECF No. 284.) Plaintiffs submit affidavits from Joseph Espo, a partner at Brown Goldstein & Levy, LLP ("BGL") in Baltimore, and Nicholas Woodfield, a partner at the Employment Law Group in Washington, D.C., to support their contentions. (*See* Mot. Atty. Fees Exs. C, M, ECF Nos. 263-4, 263-14.) Additionally, Plaintiffs note that "the rates sought by Plaintiffs here are actually far less than those charged by larger firms in [sic] who practice employment law in the Baltimore area." (Mot. Atty. Fees Mem. Supp. at 7.)

Defendants oppose Plaintiffs' requested hourly rates and contend that Appendix B rates are reasonable in this case. In their opposition, Defendants rely on an affidavit from Julie Janofsky, a member of a Baltimore law firm with almost 40 years of experience. (Opp'n Mot. Atty. Fees at 6.) Further, Defendants also take issue with the upward departure from the Appendix B rate that Plaintiffs argue is warranted for Mr. Melehy and note Ms. Janofsky's explanation in her affidavit that "Appendix B reflects a deliberate judgment that attorneys reach the peak of their abilities at about 20 years of experience. Beyond that, additional experience should not impact an attorney's hourly rate for purposes of setting a reasonable rate in fee-shifting cases in this Court." (Janofsky Aff. ¶ 6, ECF No. 275-4.)

Upon consideration of the parties' arguments and the relevant *Johnson* factors, the Court finds that deviation from the Appendix B rates is inappropriate in this case. First, the fact that the Appendix B rates were set seven years ago is not automatically dispositive with respect to whether they reflect prevailing market rates in the community. Indeed, this Court has awarded attorney's fees consistent with the Appendix B rates in other FLSA cases just this year. *See, e.g., Orellana*

*v. Don Pollo of Bethesda, Inc.*, Civ. No. PWG-20-2795, 2021 WL 2187014, at *4 (D. Md. May 28, 2021); *Castro v. Early Learning Language Acads., LLC*, Civ. No. CBD-18-2421, 2021 WL 915106, at *6 (D. Md. Mar. 9, 2021). Additionally, despite the contentions of Mr. Espo in his affidavit, this Court notes that it has recently decreased the hourly rates requested by BGL attorneys for their failure to conform to the guidelines set forth in Appendix B. *See Burley v. Balt. Police Dep't*, Civ. No. SAG-18-1743, 2020 WL 1984906, at *4 (D. Md. Apr. 27, 2020).

Further, the relevant *Johnson* factors weigh in favor of an award of the Appendix B rates. Although Plaintiffs' counsel's customary rates are indeed a *Johnson* factor to consider in determining a reasonable hourly rate, this Court has previously found that customary rates are not dispositive in this regard, and indeed, the Appendix B rates are "more representative of a broader range of fees charged by practitioners appearing in federal court in Maryland." *Kreuze v. VCA Animal Hosps., Inc.*, Civ. No. PJM-17-1169, 2019 WL 2107263, at *4 (D. Md. May 14, 2019). Additionally, as described in more detail below, *see infra* Part II.A.2, the Court does not believe that the complexity of the questions posed in this case nor the skill required to effectively litigate this case under the second and third *Johnson* factors merit an increase in the hourly rates awarded in a reasonable attorney's fee.

Accordingly, the hourly rates sought by Plaintiffs' counsel, law clerks, and paralegals will be adjusted downward to comply with the Appendix B rates. Because Mr. Melehy has been a member of the Bar for more than thirty years, his rate will be billed at $475.00 per hour, the top of the Appendix B rates. For Ms. Melehy, who has been practicing for twenty-six years, the Court adopts Defendants' recommendation that she be billed at a rate of $413.25 per hour (*see* Opp'n Mot. Atty. Fees at 11), which is within the Appendix B guidelines for attorneys with more than twenty years of experience and reflects a decrease of roughly 13% from Mr. Melehy's rate,

consistent with Plaintiffs' requested rates.  In light of his five years of experience, the Court finds that an hourly rate of $240.00 per hour is reasonable for Mr. Balashov.  Lastly, paralegals and law clerks' time will be billed at $95.00 per hour because Plaintiffs do not explain why the experience or services rendered by each of their paralegals and law clerks justify an hourly rate above the minimum relevant Appendix B rate in these circumstances. *See Chaten*, 2020 WL 4726631, at *6.

Defendants also object to Plaintiffs' calculation of hourly rates for travel time. (*See* Opp'n Mot. Atty. Fees at 12.)  Although the Local Rules of this Court provide that counsel may charge at their regular hourly rates for up to two hours of travel time each way and each day "to and from a court appearance, deposition, witness interview, or similar proceeding," Local Rules, App'x B at 2(e)(ii) (D. Md. 2021), Plaintiffs seek only 50% of each timekeeper's requested hourly rate for travel time. (*See* Mot. Atty. Fees Mem. Supp. at 10.)  Based on this Court's calculation of a reasonable travel rate in *Dameron v. Mt. Sinai Hospital of Baltimore, Inc.*, a thirty-five-year-old case, Defendants argue that Plaintiffs should recover no more than 21% of each timekeeper's hourly rate.  644 F. Supp. 551, 559 (D. Md. 1986).  In light of the clear statement of this Court's Local Rules, the Court disagrees.  Fifty percent of each timekeeper's hourly rate is reasonable. Accordingly, rates for Plaintiffs' counsel will be billed as following:

| Timekeeper | Rate | Travel Rate |
|---|---|---|
| Omar Melehy | $475.00 | $237.50 |
| Suvita Melehy | $413.25 | $206.63 |
| Andrew Balashov | $240.00 | $120.00 |
| Law Clerks and Paralegals | $95.00 | $47.50 |

11

### 2.   *Reasonable Hours Expended*

Once the court has ascertained a reasonable hourly rate, the party seeking attorney's fees must "show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, Civ. No. NKM-07-0065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (internal citation omitted). When analyzing the reasonableness of the number of hours claimed in a fee petition, the Supreme Court has observed,

> The district court . . . should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980)). A court "must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of 'billing judgment.'" *Nelson v. A & H Motors, Inc.*, Civ. No. JKS-12-2288, 2013 WL 388991, at *1 (D. Md. Jan. 30, 2013) (quoting *Rum Creek Coal Sales, Inc. v. Capperton*, 31 F.3d 169, 174 (4th Cir. 1994)). To calculate reasonable hours, "the essential consideration is whether a reasonable attorney would have expended similar hours in pursuit of the case." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015). "In reducing a claim for time spent, the court may use a percentage deduction as a practical means of trimming fat from a fee application." *Id.* (internal citations and quotation marks omitted).

12

Before the exercise of billing judgment, counsel for Plaintiffs aver that they spent a whopping 2,940.84 hours on this case,[4] as summarized below:

| Timekeeper | Regular Hours | Travel Hours[5] | Total Hours |
|---|---|---|---|
| Omar Melehy | 566.44 | 7.9 | 574.34 |
| Suvita Melehy | 950.33 | 23.5 | 973.83 |
| Andrew Balashov | 638.43 | 2.3 | 640.73 |
| Law Clerks and Paralegals | 719.14 | 32.8 | 751.94 |
| Total | 2,874.34 | 64.9 | 2,940.84 |

(*See* Reply Mot. Atty. Fees Ex. D, ECF No. 284-4; Supp. Mem. Ex. A at 40–116, ECF No. 291-1.)

In reducing this initial figure, Plaintiffs represent that they exercised billing judgment through the deletion or subtraction of certain time entries as well as through global and categorical reductions of the fees sought. Specifically, counsel for Plaintiffs aver that they deleted or no-charged 180.46 hours of time entries which: (1) "contained errors, were duplicative, redundant or unnecessary, or were purely clerical in nature"; (2) were "associated with 7 timekeepers (mostly paralegals and law clerks) whose involvement with this case was minimal or sporadic"; (3) were made in pursuit of "completely unsuccessful motions"; (4) were "spent on the collective action, the opposition to Defendants' motion to transfer venue, the opposition to Defendants' motion to

---

[4] This figure includes the additional time that Plaintiffs' counsel represent that they billed to the preparation of their fee petition briefing and case development after the submission of their motion for attorney's fees on July 26, 2021. (*See* Supp. Mem.) The Court notes that Plaintiffs' Supplemental Memorandum contains a typo; although it indicates that Ms. Melehy billed an additional 0.3 hours to case development, Plaintiffs' updated lodestar spreadsheet and the relevant time entry indicate that Ms. Melehy billed 0.4 hours. (*Compare* Supp. Mem., *with* Supp. Mem. Ex. A.)
[5] The Court estimated the travel hours that each timekeeper incurred based on the Plaintiffs' time entries. (*See* Supp. Mem. Ex. A.)

continue trial, and Plaintiffs' first motion to compel discovery"; (5) billed for "two or more attorneys attend[ing] a hearing (with the exception of the pre-trial hearing and trial)"; and (6) billed for the junior attorney attending an internal meeting. (Mot. Atty. Fees Mem. Supp. at 10 (citing Omar Melehy Aff. ¶¶ 29–30, ECF No. 263-7).) Further, Plaintiffs' counsel applied a global 5% reduction to all fees sought and categorical reductions to the hours billed as follows: Written Discovery (10%), Discovery Motions/Disputes (5%); Dispositive Motions (25%), Trial Preparation (5%); and Fee Petition Preparation (20%). (*Id.* at 11 (citing Omar Melehy Aff. ¶¶ 29–31).) After accounting for the reductions set forth above, the Court estimates that Plaintiffs claim the following as compensable time:

| Timekeeper | Regular Hours | Travel Hours | Total Hours |
|---|---|---|---|
| Omar Melehy | 467.47 | 7.51 | 474.98 |
| Suvita Melehy | 799.07 | 22.23 | 821.3 |
| Andrew Balashov | 458.72 | 0.67 | 459.39 |
| Law Clerks and Paralegals | 603.6 | 30.55 | 634.15 |
| Total | 2,328.86 | 60.96 | 2,389.82 |

(*See id.* at 10–11; Reply Mot. Atty. Fees Ex. D; Supp. Mem. Ex. A at 40–116.)[6]

Defendants raise myriad objections to the number of hours for which Plaintiffs seek fees, arguing that despite Plaintiffs' purported exercise of billing judgment, their time entries remain redundant, duplicative, and excessive.[7] (*See* Opp'n Mot. Atty. Fees at 12–29.) Upon consideration

---

[6] Although Plaintiffs do not set forth the total number of hours they claim are compensable for each timekeeper after the exercise of billing judgment, the Court calculated these values by subtracting the deleted and no-charged time entries from the total number of hours billed by each timekeeper and then applying the relevant categorical and global reductions. The Court then applied the same processes to the travel time for each timekeeper set forth above.
[7] Although Defendants raise numerous specific objections to hours billed in each category of work for the case, the Court declines to consider each objection specifically where Plaintiffs' fee petition comprises thousands of hours of time entries and the Court's ultimate objective is "to do rough justice, not to achieve auditing perfection." *See Fox*, 563 U.S. at 838.

of the remaining relevant *Johnson* factors in this case, the Court agrees. Under the first, second, and third *Johnson* factors, the Court finds that almost 2,400 hours is an excessive amount of time to spend on the instant matter—a relatively straightforward wage-and-hour dispute with only three plaintiffs. Although Defendants vigorously litigated their defense that Plaintiffs were subject to the FLSA's exemption for outside salespeople, the Court notes that this did not entail novel legal issues, particularly for Plaintiffs' experienced employment counsel. Indeed, although the trial revolved mostly around the single issue of whether Plaintiffs' primary duty constituted making outside sales such that they qualified for the outside salesperson exemption, the Court noted that the Plaintiffs' presentation of evidence was often convoluted. This meant that much of the time and expense incurred through the course of litigating this case was more attributable to Plaintiffs' counsel's inability to crisply present evidence than any inherent complexity in the legal and factual questions at issue. In short, the case that Plaintiffs' counsel brought before this Court does not merit an award of fees for almost 2,400 hours.

In light of the Court's findings under the *Johnson* factors, a further global reduction of 35% is warranted to trim the fat from this padded fee application. *See Gonzalez*, 112 F. Supp. 3d at 29; *see also Spell v. McDaniel*, 852 F.2d 762, 767 (4th Cir. 1988) (imposing a reduction of the fees awarded when it was "impossible . . . to cull in detail the justified from the unjustified"); *see also Molina v. KP Stoneymill, Inc.*, Civ. No. GLS-19-3123, 2021 WL 2805838, at *7 (D. Md. July 6, 2021) ("Where precision is not possible, an overall reduction of approximately $5,450 will achieve 'rough justice' by way of reasonably estimating the fees associated with the unreasonable hours.").

### 3. *Award of Fees*

Given the above considerations, the Court finds that an award of fees in the amount of $472,948.40 is appropriate in this case, calculated as follows:

| Timekeeper | Regular Hours | Rate | Travel Hours | Rate | Subtotal |
|---|---|---|---|---|---|
| Omar Melehy | 303.86 | $475.00 | 4.88 | $237.50 | $145,492.50 |
| Suvita Melehy | 519.4 | $413.25 | 14.45 | $206.63 | $217,627.85 |
| Andrew Balashov | 298.17 | $240.00 | 0.43 | $120.00 | $71,612.40 |
| Law Clerks and Paralegals | 392.34 | $95.00 | 19.86 | $47.50 | $38,215.65 |
| Total | 1,513.77 | | 39.62 | | **$472,948.40** |

### B. Costs

Plaintiffs also move for an award of $106,597.94 in costs. (*See* Bill of Costs; Pls. First Not. Errata; Supp. Mem. Ex. B, ECF No. 291-2.) Counsel for a successful plaintiff may recover "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell*, 852 F.2d at 771 (citing *Northcross v. Bd. of Ed. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979)). "In an FLSA case, a court has discretion to determine the costs that can be imposed against the losing party." *Molina*, 2021 WL 2805838, at *8 (citing *Roy v. Cnty. of Lexington*, 141 F.3d 533, 549 (4th Cir. 1998)). Reasonable costs may include, *inter alia*, "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, Civ. No. JKS-06-0068, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (citing *Vaughns v. Bd. of Ed. of Prince George's Cnty.*, 598 F. Supp. 1262, 1289–90 (D. Md. 1984)).

Plaintiffs seek reimbursement of the following costs:

| Cost Description | Amount[8] |
|---|---|
| Court fees | $400.00 |
| Service of process | $1,701.50 |
| Westlaw and PACER | $5,070.42 |
| Court reporter fees | $20,955.08 |
| Delivery charges | $521.99 |
| Postage | $202.61 |
| Travel | $2,320.11 |
| E-Discovery | $11,393.22 |
| Printing and reproduction costs | $28,065.60 |
| Meals | $346.28 |
| Witness fees | $1,022.10 |
| Interpreters and professionals | $30,034.25 |
| Lodging | $2,208.14 |
| PPE and Courtroom Communication Equipment | $2,356.64 |
| **Total** | **$106,597.94** |

(Mot. Atty. Fees Ex. P at 1–7, ECF No. 265; Supp. Mem. Ex. B.)

Defendants do not oppose Plaintiffs' requests for reimbursement of costs associated with court fees, postage, travel, delivery charges, and PPE and courtroom communication equipment, and the Court agrees that these are recoverable out-of-pocket expenses.  The Court considers the

---

[8] The amounts indicated comprise the costs sought both in Plaintiffs' original motion and in their Supplemental Memorandum. (*See* Mot. Atty. Fees Ex. P at 1–7; Supp. Mem. Ex. B.)

Defendants' objections with respect to the other requests made by Plaintiffs below, and for the reasons set forth below, the Court will award Plaintiffs a total of $61,013.87 in out-of-pocket expenses.

### 1. Service of Process

Plaintiffs seek the reimbursement of $1,701.50 for process server costs—an amount that Defendants argue should be reduced to omit the costs of serving E&R Sales and witnesses who did not testify at trial. (*See* Opp'n Mot. Atty. Fees at 3–4.) The parties both point to out-of-circuit precedent to support their contentions. *Compare Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 33 (D.P.R. 2000), *with Travelers Ins. Co. v. Commercial Cool-Temp Corp.*, Civ. No. LSS-11-61748, 2012 WL 13134043 (S.D. Fla. 2012). Ultimately, the Court finds Defendants' view more persuasive and agrees that Plaintiffs should not be awarded costs associated with service on E&R Sales, a defendant that was dismissed from this suit, and Cecilia Lenoire, Brian Haviland, and Robert Weschler, witnesses who did not testify at trial. Accordingly, the Court will subtract the fees associated with service on these parties, and Plaintiffs will be awarded $941.25 in process server costs.

### 2. Westlaw and PACER

Plaintiffs seek $5,070.42 in Westlaw and PACER charges (*see* Mot. Atty. Fees Ex. P at 1, 5–6; Supp. Mem. Ex. B), both of which Defendants argue are not recoverable (Opp'n Mot. Atty. Fees at 38). The Court agrees with Plaintiffs that the expenses that they incurred on PACER and Westlaw constitute reimbursable costs. Indeed, the Local Rules of this Court provide that expenses for "computerized online research . . . are compensable at actual cost." Local Rules, App'x B at 3 (D Md. 2021); *see also Molina*, 2021 WL 2805838, at *9 (awarding Westlaw expenses).

18

Accordingly, the Court will award Plaintiffs the full amount that they seek for PACER and Westlaw costs.

### 3. *Court Reporter Fees*

Plaintiffs seek $20,955.08 in court reporter fees, which Defendants argue are not recoverable because Plaintiffs failed to demonstrate that the costs for the depositions were "reasonably necessary to [Plaintiffs'] case at the time [they were] taken[.]" (Opp'n Bill of Costs at 4 (internal quotation marks omitted) (quoting *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 443 (D. Md. 2002)).) The Court finds that the court reporter fees sought by Plaintiffs are reasonable, and will accordingly award Plaintiffs the full amount of court reporter fees sought.

### 4. *E-Discovery*

Plaintiffs seek the recovery of $11,393.22 in costs associated with e-discovery in this case, and Defendants object on the grounds that Plaintiffs' counsel should bear these costs for unreasonably driving up the amount of electronic discovery in this case and because Plaintiffs' "Motion lacks proper support to confirm that these services were exclusively used for this lawsuit." The Court agrees that Plaintiffs seek an excessive amount in reimbursement for these costs and will adjust the recoverable amount to $5,000.00.

### 5. *Printing and Reproduction Costs*

Plaintiffs seek a total of $28,065.60 for printing and reproduction costs. (*See* Supp. Mot. Atty. Fees; Supp. Mem. Ex. B.) Under 28 U.S.C. § 1920(4), a court may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" Defendants object to Plaintiffs' request for reimbursement for the cost of photocopies as "abusive, excessive, and unreasonable." (Opp'n Bill of Costs at 3, ECF No. 273.) Specifically, Defendants argue that Plaintiffs' bill of costs includes "few vague and

inadequate explanations" for the copies made and that "[t]he lack of information and documentation to explain with the requisite specificity which, if any, of the voluminous photocopies made were necessary, should result in a finding that the photocopy costs are non-taxable in their entirety." (*Id.* at 5–6.) The Court agrees with the Defendants with respect to the printing costs sought in Plaintiffs initial motion for attorney's fees and costs. Accordingly, the Court will not award Plaintiffs costs for the $27,623.10 in photocopies that they request in their initial motion. (*See* Mot. Atty. Fees Ex. P at 3–4.) On the other hand, the Court finds that Plaintiffs' more specific requests for reimbursement in the Supplemental Memorandum merit the recovery of those costs (*see* Supp. Mem. Ex. B (requesting $312.90 for "[p]hotocopies of ECF No. 263 to 263-17 and 266 to 266-3" and $129.60 for "[p]hotocopies of ECF No. 284," both of which were delivered to the Court as courtesy copies)), and the Court will award Plaintiffs $442.50 for the printing and reproduction costs sought in the Supplemental Memorandum.

### 6.  *Meals*

Plaintiffs seek the reimbursement of $346.28 for meals during trial, to which Defendants also object. (*See* Opp'n Bill of Costs at 39.) The amount of costs sought are reasonable, and accordingly, the Court will award these costs in full.

### 7.  *Witness Fees*

Plaintiffs seek $1,022.10 in witness fees, which Defendants argue should be reduced by $331.44 for all witnesses who did not testify at trial, except Rick Taylor.[9] (*See* Opp'n Bill of Costs 6.) The Court agrees with Defendants that witness fees for witnesses who did not testify at trial are not reasonable out-of-pocket expenses, and accordingly, Plaintiffs' award of costs in witness fees will be reduced to $690.66.

---

[9] Defendants concede that Mr. Taylor falls under a permitted exception for his inability to testify "due to health issues." (Opp'n Bill of Costs at 6.)

### 8.   *Lodging*

Plaintiffs seek $2,208.14 in lodging expenses during the trial, including for one night for

Plaintiffs' paralegal, Carl Morison, who traveled from out of state to testify at trial and for the

duration of the trial for Mr. and Mrs. Melehy. (Mot. Atty. Fees Ex. P at 7.)  Although Defendants

do not oppose Plaintiffs' claim for the costs of lodging for Mr. Morison for one night, they argue

that the costs for Mr. and Mrs. Melehy's lodging during the trial are not recoverable. (Opp'n Mot.

Atty. Fees at 39.)   The Court agrees with Defendants.   Accordingly, the Court will award

reimbursement for only $104.58 for Mr. Morison's lodging during the trial.

### 9.   *Interpreters and Professionals*

Plaintiffs seek reimbursement for the fees of interpreters and two professionals who

assisted in the preparation of Plaintiffs' fee petition in the amount of $30,034.25. (*See* Mot. Atty.

Fees Ex. P at 6; Supp. Mem. Ex. B.)[10]  Although Defendants concede that the interpreters' fees are

recoverable, they object to an award for the fees of Sandra Chiman, a certified public accountant

who assisted in the preparation of Plaintiffs' fee petition. (Opp'n Bill of Costs at 7.)  The Court

finds that while an award of interpreters' fees is reasonable, it declines to award costs for the

services of Ms. Chiman or for the affidavit testimony of Mr. Freeman, both of which were used to

support the hourly rates sought by Plaintiffs in their fee petition.  As noted above, *see supra* Part

II.A.1, the Court found those arguments unpersuasive.  Accordingly, the Court will reduce the

costs awarded to Plaintiffs for interpreters and professionals to $21,661.75.

### 10.   *Award of Costs*

For the reasons explained above, the Court will award Plaintiffs costs in the following

amounts:

---

[10] The Court adds Plaintiffs' request for reimbursement for A. Freeman's affidavit testimony for the fee petition reply brief to this category. (*See* Supp. Mem. Ex. B.)

| Cost Description | Amount |
|---|---|
| Court fees | $400.00 |
| Service of process | $941.25 |
| Westlaw and PACER | $5,070.42 |
| Court reporter fees | $20,955.08 |
| Delivery charges | $521.99 |
| Postage | $202.61 |
| Travel | $2,320.11 |
| E-Discovery | $5,000.00 |
| Printing and reproduction costs | $28,065.60 |
| Meals | $346.28 |
| Witness fees | $690.66 |
| Interpreters and professionals | $21,661.75 |
| Lodging | $104.58 |
| PPE and Courtroom Communication Equipment | $2,356.64 |
| **Total** | **$61,013.87** |

## III.   *Conclusion*

For the foregoing reasons, an Order will issue granting in part and denying in part Plaintiffs' Motion for an Award of Attorney's Fees and Costs (ECF No. 263).

DATED this __26__ day of August, 2021..

BY THE COURT:

James K. Bredar
Chief Judge

23