IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAUSTINO SANCHEZ CARRERA, et al., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-3066 |
| E.M.D. SALES, INC., et al., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On August 26, 2021, Defendants E.M.D. Sales, Inc., and Elda M. Devarie filed a Motion to Approve Appeal Bond *Nunc Pro Tunc* and to Stay Enforcement pending their appeal and Plaintiffs' cross-appeal. (*See* ECF Nos. 277, 281, 293.) Plaintiffs Faustino Sanchez Carrera, Jesus David Muro, and Magdaleno Gervacio filed a consolidated response on September 9, 2021, opposing Defendant's Motion and moving to enroll the Court's judgment in the Circuit Court for Montgomery County to set a 10% post-judgment interest rate ("Plaintiffs' Consolidated Response"). (*See* Pls.' Consol. Resp. at 1, ECF No. 300.) On September 23, 2021, Defendants replied in Opposition to Plaintiffs' Consolidated Response. (*See* Defs.' Opp'n, ECF No. 302.) These motions are now ripe for consideration, and no hearing is required. *See* Local Rule 105.6.

Before the instant motions were filed, Defendants posted an Appeal Bond of $364,651.88 on August 13, 2021, (*see* ECF No. 280), and later posted an additional $500.00 Appeal Rider in compliance with Local Rule 110.1(a). (*See* ECF No. 292.) Plaintiffs and Defendants agree that once this Court approves the Appeal Bond and Appeal Rider, "Defendants are entitled to a stay of enforcement" of the Court's judgment. (Pls.' Consol. Resp. at 1.) Although Defendants seem to

1

allege that Plaintiffs may have initiated unspecified, covert enforcement efforts, (*see* ECF No. 293 ¶¶ 16–17), Plaintiffs claim that they "have not executed on any property owned by Defendants or otherwise engaged in any enforcement action." (Pls.' Consol. Resp. at 6.) Currently, the primary point of contention between the parties is the interest rate at which to fix the judgment during the pendency of the appeal. By motion in their Consolidated Response, Plaintiffs seek to set the interest rate at 10% by enrolling the judgment in the Circuit Court for Montgomery County. (*Id.* at 1.) Defendants oppose this Motion, arguing that such enrollment would constitute enforcement activity in violation of the stay that would result from this Court's approval of the Appeal Bond and Appeal Rider. (*See* Dfs.' Opp'n. ¶ 4.)

The post-judgment interest rate on money judgments in federal civil cases is governed by statute. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *Vandevender v. Blue Ridge of Raleigh, LLC*, 756 F. App'x 230, 233 (4th Cir. 2018) (explaining that the "award and rate of interest under 28 U.S.C. § 1961(a) is mandatory" and applies even in diversity actions); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (same); (*see also* Mem. Op. at 3, ECF No. 294) ("On May 13, 2021, . . . the Court entered judgment for Plaintiffs in the total amount of $303,876.57, including compensatory and liquidated damages, *plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a)*[.]") (emphasis added). Because Plaintiffs only seek to enroll their judgment in the Circuit Court for Montgomery County to fix the interest rate at 10%, (*see* Pls' Consol. Resp. at 1–2), and because the post-judgment interest rate on money judgments is set by statute, whether Plaintiffs may enroll

the judgment in state court is immaterial to the issue Plaintiffs seek to address in their Consolidated Response: the *rate* of post-judgment interest. Should Plaintiffs win on appeal, any interest accrued on the judgment will be calculated using the date and rate that are required by law. *See* 28 U.S.C. § 1961(a). Because Plaintiffs present no other reason for seeking to enroll their judgment in state court, their motion is moot insofar as it seeks permission from this Court to enroll their judgment without violating an enforcement stay.

Further, Plaintiffs' objection to Defendants' Motion to "retroactively" stay enforcement also appears to be a red herring because Plaintiffs claim that they have not yet attempted to enforce the judgment. (*See* Pls.' Consol. Resp. at 6.) While Defendants dispute this representation, they do not provide the Court with any evidence of enforcement activity that has occurred, and that would be barred by retroactive application of the stay. At a minimum, a stay in this case would "take[] effect when the court approves the bond or other security[,]" i.e., from the date of this Order.[1] Fed. R. Civ. P. 62(b). Given that neither party provides the Court with a reason that the retroactive effect of this stay would be salient, Defendants' request that the Rule 62(b) stay apply *nunc pro tunc* will be denied without prejudice as moot.

Accordingly, it is hereby ORDERED that:

1. Defendants' Appeal Bond and Appeal Rider, (ECF Nos. 280, 292), are APPROVED;

---

[1] It is possible that Plaintiffs' filing of their cross-appeal on August 17, 2021, stayed this Court's judgment independently of Defendants' appeal bond, because "[w]here the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986). Again, this question is immaterial to the instant case because the Court has not been shown evidence that Plaintiffs have conducted any enforcement actions. While Defendants vaguely suggest that Plaintiffs "had been secretly working to enforce the Judgment by enrolling the Judgment," (ECF No. 293 ¶ 16), Plaintiffs have now disclaimed any efforts to enroll the judgment "absent express approval from the Court." (Pls.' Consol. Resp. ¶ 8.) Given that no concrete enforcement actions appear to have occurred prior to this Order, and that Defendants have not alleged any enforcement activity—beyond Plaintiffs' inchoate and now-terminated efforts to enroll the judgment in state court to fix the post-judgment interest rate—the Court sees no reason to definitively resolve whether this case was stayed before this Order was issued.

3

2. Enforcement of all judgments in this matter are STAYED pursuant to Federal Rule of Civil Procedure 62(b) pending the outcome of the appeal in this case;

3. Defendants' Motion to Apply this Stay *Nunc Pro Tunc* is DENIED without prejudice;

4. Plaintiffs' Motion to Enroll Judgment in the Circuit Court for Montgomery County to Fix the Post-Judgment Interest Rate at 10% is DENIED; and

5. The Clerk is directed to CLOSE this case.

DATED this 30 day of September, 2021.

BY THE COURT:

James K. Bredar
Chief Judge