## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FAUSTINO SANCHEZ           *
CARRERA, et al.,

     Plaintiff,               *

     v.                        *           CIVIL NO. JKB-17-3066

E.M.D. SALES, INC., et al.,    *

     Defendant.               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On May 13, 2021, the Court entered judgment in favor of Plaintiffs and awarded

$303,876.57 in damages. ("Merits Judgment"; ECF No. 239.) Both Plaintiffs and Defendants

have appealed the Merits Judgment. (*See* ECF Nos. 277, 281.) Defendants posted a supersedeas

bond in the amount of $364,651.88—120% of the amount awarded in the Merits Judgment—and

later supplemented the bond with a $500 rider in compliance with Local Rule 110.1(a). (*See* ECF

Nos. 280, 292.) On August 27, 2021, an Order was docketed entering judgment against Defendants

with respect to attorney's fees and costs in the amount of $533,962.27.[1] ("Fees Judgment"; ECF

No. 295.) Plaintiffs initially filed an appeal with respect to the Fees Judgment, which they later

withdrew. (ECF Nos. 296, 299, 301.) The Court issued an Order on September 30, 2021

---

[1] The Court awarded attorney's fees and costs after Defendants filed their Notice of Appeal. (*See* ECF Nos. 277, 295.) While the filing of a notice of appeal typically "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Cons. Disc. Co.,* 459 U.S. 56, 58 (1982), "[t]he award of costs and attorney's fees have generally been recognized as collateral issues appropriate for resolution by the trial court when an appeal" is underway. *Cannon v. Vill. of Bald Head Island, N.C.,* Civ. No. 7:15-CV-0187, 2021 WL 3177410, at *1 (E.D.N.C. July 27, 2021) (citing *Buchanan v. Stanships, Inc.,* 483 U.S. 265, 268 (1988) and *Langham-Hill Petroleum, Inc. v. S. Fuels Co.,* 813 F.2d 1327, 1331 (4th Cir. 1987)). The Court therefore had jurisdiction to award attorney's fees and costs even after Defendants appealed the underlying judgment.

approving Defendant's Appeal Bond and Appeal Rider ("September 30 Order"), which sufficed

to cover the Merits Judgment. (ECF No. 303.) On October 7, 2021, Plaintiffs filed a Motion

seeking to clarify whether the September 30 Order also stayed enforcement of the Fees Judgment,

and if it did, to ask the Court to reconsider its approval of the bond and to compel Defendants to

increase the supersedeas bond to reflect the amount awarded in the Fees Judgment.[2] (ECF No.

304.) Defendants filed a Response in Opposition on October 21, 2021. (ECF No. 305.) This

motion is now ripe for consideration, and no hearing is required. *See* Local Rule 105.6.

Federal Civil Rule 62(b) permits a party to "obtain a stay by providing a bond or other

security" at "any time after judgment is entered." Fed. R. Civ. P. 62(b). A stay may be obtained

under Rule 62(b) "at any time after judgment is entered, not just when an appeal is taken." 11 Fed.

Prac. & Proc. Civ. § 2905 (3d ed. Apr. 2021 update) (citing App. C, Fed. R. Civ. P., Advisory

Comm. Notes (as amended Dec. 1, 2020)). "[C]ourts typically require security in the full amount

of the judgment." *Macsherry v. Sparrows Point, LLC*, Civ. No. 15-0022, 2018 WL 9945985, at

*2 (D. Md. Aug. 24, 2018) (citing *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215–

16 (D.S.C. 1984)). "[W]here a party has moved for attorneys' fees but fees have not been awarded,

it is unnecessary to consider the value of potential fees in determining what security is sufficient

to protect a plaintiff's interests." *Id.* (citing *Irwin Indus. Tool Co. v. Worthington Cylinders Wis.,

LLC*, Civ. No. 08-0291, 2010 WL 2245580, at *1 (W.D.N.C. June 1, 2010)).

When Defendants filed their Motion to Stay Enforcement (ECF No. 293) on August 26,

2021, the Court had not yet issued a judgment regarding attorney's fees and costs. An Order was

docketed issuing the Fees Judgment the following day, on August 27, 2021. (*See* ECF No. 295.)

Because Defendants filed their Motion to Stay Enforcement before the Fees Judgment was

---

[2] For the sake of clarity, the Court styles this Motion as Plaintiffs' Motion to Clarify the Court's September 30 Order.

docketed, and because none of the related briefing from either party addressed the effect of the Fees Judgment on Defendants' Motion, the Court's Order approving Defendant's Bond and Rider (ECF No. 303) is properly read to stay enforcement of only the Merits Judgment. *Cf. Edwards v. McElliotts Trucking, LLC*, Civ. No. 16-1879, 2018 WL 6531680, at *13 (S.D.W. Va. Dec. 11, 2018) ("For a supersedeas bond to be 'sufficient,' it must cover the entirety of the judgment *presently granted*.") (emphasis added); *CSX Transp., Inc. v. Peirce*, Civ. No. 05-0202, 2013 WL 5674850, at *2 (N.D.W. Va. Oct. 17, 2013) (finding that a supersedeas bond did not need to include attorney's fees because they had not been awarded at the time bond was posted). Further, despite the Court's broad language, the September 30 Order could not have properly stayed enforcement of the Fees Judgment because the approved bond is grossly inadequate to cover both Judgments. *See Ling Nan Zheng v. Liberty Apparel Co.*, Civ. No. 99-9033, 2011 WL 13272254, at *2 (S.D.N.Y. Feb. 8, 2011) (finding a bond that only secured the merits judgment to be insufficient to also secure a subsequent attorney's fees judgment); *see also Chavez v. Standard Ins. Co.*, Civ. No. 18-2013, 2020 WL 6135701, at *3 (N.D. Tx. Oct. 19, 2020) (finding that a bond must include attorney's fees where the party seeking the stay tendered bond and moved to approve the bond before the district court issued an attorney's fees ruling). Thus, although the current total amount of the supersedeas bond is sufficient to stay enforcement of the Merits Judgment, it is insufficient to stay the Fees Judgment as well. Defendants will likely need to increase their bond should they seek to stay the Fees Judgment.

The Fourth Circuit has yet to adopt "'any particular standard to guide a District Court's discretion in granting unsecured stays,' though every circuit that has addressed the issue has found that district courts have discretion to issue 'a stay on the basis of some lesser bond, or indeed, no bond.'" *TransPacific Tire & Wheel, Inc. v. Orteck Intern., Inc.*, Civ. No. DKC-06-0187, 2010 WL

3

2774445, at *5 (D. Md. Jul. 13, 2010) (citing *CapitalSource Fin. LLC v. Pittsfield Weaving Co.*,

Civ. No. AW-06-2028, 2008 WL 3850385, at *2 (D. Md. Mar. 7, 2008) and *Alexander v.*

*Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999)).  Under

the Local Rules, "the amount of any supersedeas bond filed to stay execution of a money judgment

pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs

on appeal" unless otherwise ordered by the Court.  Local Rule 110.1(a).  Should Defendants seek

to stay enforcement of the Fees Judgment, they will likely need to post an additional amount that

is sufficient to cover the award issued in the Fees Judgment.  Given the potential uncertainty caused

by the ambiguity of the Court's September 30 Order, the Court will temporarily stay enforcement

of the Fees Judgment for twenty-one (21) days. *See TransPacific Tire*, 2010 WL 2774445, at *5.

Once twenty-one (21) days have elapsed, the stay will lift.  If Defendants seek to stay enforcement

of the Fees Judgment beyond that time, they will likely need to post additional bond and seek the

Court's approval pursuant to Rule 62(b).

      Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Clarification (ECF No. 304) is GRANTED insofar as the Motion

   seeks to clarify whether the September 30 Order stayed execution of the Fees Judgment

   (which it did not);

2. Enforcement of the Fees Judgment (ECF No. 295) is STAYED for twenty-one (21) days

   from the date of this Order;

3. Defendants are advised that to the extent they seek to stay enforcement of the Fees

   Judgment beyond twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 62(b),

   they will need to seek the Court's approval of a bond increase; and

4. Enforcement of the Merits Judgement (ECF No. 239) will continue to be STAYED during

   the pendency of the appeal and cross-appeal in this case.

DATED this 22 day of December, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

5