IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAUSTINO SANCHEZ CARRERA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-17-3066 |
| E.M.D. SALES, INC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

This matter returns to the Court on remand from the Supreme Court's decision in *E.M.D. Sales, Inc. v. Carrera*, 145 S. Ct. 34 (2025). That decision clarified the proper standard of proof to apply to an employer's evidence that its employees are exempt from the minimum-wage and overtime-compensation provisions of the Fair Labor Standards Act ("FLSA"). *Id.* at 37.

This Court must now decide how to proceed consistent with that decision. As explained in greater detail below, the Court will order the parties to reargue, through a series of supplemental briefs, certain evidence in the existing trial record. The Court will then reexamine that evidence under the appropriate standard of proof.

### I.  BACKGROUND

In general, the FLSA requires employers to pay their employees a minimum wage and overtime compensation. *E.M.D. Sales*, 145 S. Ct. at 37 (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)). But employers are exempt from this requirement for certain kinds of employees. *Id.* The employer bears the burden of showing an exemption applies. *Id.* (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). And until recently, Fourth Circuit precedent held that an employer had to prove an exemption under the "clear and convincing evidence" standard. *See Carrera v.*

*E.M.D. Sales, Inc.*, 75 F.4th 345, 351–52 (4th Cir. 2023) (collecting cases).

Responding to Plaintiffs' claims of failure to pay overtime wages, Defendants invoked the FLSA's exemption for those employed "in the capacity of [an] outside salesman." *See E.M.D. Sales*, 145 S. Ct. at 37–38 (quoting 29 U.S.C. § 213(a)(1)). That exemption applies only if an employer can show, to the degree of proof required, that an employee (1) primarily makes sales and (2) does so away from the employer's place of business. *See id.* at 37 (first citing *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 148 (2012), and then citing 29 C.F.R. § 541.500(a)). Here, the parties disputed only the first element—that is, whether Plaintiffs made sales within the meaning of the FLSA, and if so, whether making sales was their primary duty. *See Carrera v. EMD Sales, Inc.*, Civ. No. JKB-17-3066, 2021 WL 1060258, at *3 (D. Md. Mar. 19, 2021).

Following a nine-day bench trial in early March 2021, this Court, applying the clear-and-convincing standard of proof, found Defendants had not met their burden of proving the outside-salesperson exemption. *See Carrera*, 2021 WL 1060258, at *5–7. Specifically, it found that, although Defendants had shown by clear and convincing evidence that Plaintiffs made sales at independent grocery stores, they had not shown by clear and convincing evidence that Plaintiffs made sales at chain stores. *Id.* at *6. It also found that, despite the higher incidence of sales at independent stores, Defendants had not shown that making sales was Plaintiffs' primary duty—not at either type of store individually, much less overall. *Id.* at *7. The Court entered judgment against Defendants. *Id.* at *9. The Fourth Circuit affirmed. *See Carrera*, 75 F.4th at 355.

The Supreme Court reversed. It held that the proper standard of proof for the minimum-wage and overtime-compensation exemptions was the more forgiving preponderance-of-the-evidence standard. *See E.M.D. Sales*, 145 S. Ct. at 38. It then remanded the case for further proceedings consistent with its decision. *Id.* at 41. The Fourth Circuit did the same. (*See* ECF Nos. 321–22, 324.)

## II.   FURTHER PROCEEDINGS

Upon the Supreme Court's decision clarifying the proper standard of proof in the context of the FLSA's minimum-wage and overtime-compensation exemptions, this Court will now revisit its earlier ruling. As required, it will reexamine the evidence under the preponderance standard, and it will reconsider whether Defendants have met their burden of proving the applicability of the outside-salesperson exemption.

Before doing so, however, the Court will receive briefs from the parties, wherein they may reargue the evidence under a preponderance standard. In particular, the parties will be directed to address whether Defendants have met their burden of proving that it was more likely than not that (1) Plaintiffs made sales and (2) making sales was Plaintiffs' primary duty in the course of their employment with Defendants. The Court expects the parties to reargue the record as it currently exists, though they may, if they wish, address the need (or not) to reopen the record to additional evidence. The parties shall attach to their briefs any relevant exhibits from the existing record.

Simultaneous opening briefs from the parties will be due by April 14, 2025. Simultaneous response briefs will be due by May 5, 2025. There will be no reply briefs.

Accordingly, it is ORDERED that:

1. By April 14, 2025, the parties SHALL FILE opening briefs in accordance with the instructions in the foregoing Memorandum.

2. By May 5, 2025, the parties SHALL FILE response briefs in accordance with the same.

3. The parties SHALL FILE, as individual attachments to the relevant briefs, evidence from the trial record to which those briefs refer.

DATED this <u>17th</u> day of March, 2025.

                                           BY THE COURT:

                                           /S/ JAMES K. BREDAR
                                           James K. Bredar
                                           United States District Judge